[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The plaintiff-husband brings this action for dissolution of marriage.
The defendant-wife whose maiden name is Kalczenki and the plaintiff intermarried on April 21, 1978 in Wroclaw, Poland. They lived with her parents while the defendant finished her schooling at a two-year post high school medical oriented college. The parties then lived in Austria for approximately one year before coming to this country.
There are two minor children issues of the marriage: Anna Katarzyna Kwasnik, born February 12, 1979, and Monika Kwasnik, born February 9, 1980. No other minor child has been born to the defendant-wife since the date of the marriage.
Both parties have resided within the state of Connecticut for one year or more prior to the institution of this action.
Neither party has or is receiving financial assistance, in the nature of welfare, from the state of Connecticut, nor from any of its sub-divisions.
The parties have an one-half interest in a two family home on Rhodes Street, New Britain. The other one-half is owned by the defendant's sister. The house was purchased by the parties herein with the financial assistance of the defendant's parents. At the present time there are two mortgages on the premises: a first mortgage having an outstanding balance of about $82,000.00 towards which the parties contribute. i.e. one-half of the monthly payment. The other half is paid by the defendant's sister and her husband. The parties' second mortgage has a principal balance of approximately $13,000.00 The house has an agreed value of CT Page 3442 $160,000 with equity of $78,000 ($160,000.00 less first mortgage of $82,000.00) giving the parties, as owners of one-half of the equity, the value of $39,000.00 less the balance of the second mortgage of $13,000.00 leaving $26,000.00 as their share.
The defendant is the owner of a dental laboratory which she purchased about 1990 for $17,000.00. The greater portion of the purchase price was advanced to the defendant by her father.
The plaintiff has an organ which he purchased for approximately $10,000.00, with funds derived from the existing second mortgage on the family home. He also has a smaller organ which he valued at a couple of hundred dollars.
The parties, the wife from her dental laboratory and the husband as a weekend musician, each have the potential for earnings of an approximately equal sum from these separate activities.
The parties have other personal property, his and her automobiles, household furniture, personal items, etc.
The parties have stipulated that the marriage has broken down irretrievably. However, the court notes that the parties began having serious marital difficulties when the plaintiff began to suspect has wife was having an affair with one Christopher Hughes. His suspicions increased progressively when her claims of working late hours at her dental lab were not supported when he visited there with the couple's children, and when he noted her car at Hughes' condominium, and finally when he noted her underpants stained with semen, as he was gathering her clothes to wash them.
These suspicions plus others resulted in a bitter and stormy relationship between them when he accused her of having an extra-marital affair. It eventually led to physical violence with police intervention. Each accuses the other of provoking violence. The plaintiff-husband is especially bitter over the defendant-wife's allegations that he sexually abused the couple's two daughters. The allegations were completely checked out without any indication, by DCYS nor by a psychiatrist's evaluation, that there was any basis for the allegations.
With regard to fault, the court finds that although both parties share in the fault that created the marital discord, the defendant initiated the problems through her affair with Hughes and aggravated the disharmony by continuing that CT Page 3443 relationship even after she was aware of her husband's suspicions that she was involved with Hughes.
Therefore, the court finds that the defendant's fault in creating the conditions resulting in the marriage breakdown was greater than that of the plaintiff-husband. This is not to suggest that the plaintiff was a completely innocent dupe. His violent reactions resulting from his suspicions exacerbated the discord to the point that the marriage became irreparable. The issues between the parties are the usual: the custody of the minor children, and the division of the assets.
Therefore, the court, after extensive hearings; application of the relevant statutes taking into consideration the best interests of the minor children; the contributions of the parties, both as to material assets as well as toward the earlier viability of the marriage; the marital faults of the parties resulting in the marriage dissolution, finds and issues the following orders:
I. CUSTODY
 A. CUSTODY — The Mother shall have custody of the minor children, subject to the Father's rights of reasonable visitation, including but not limited to the following unless otherwise agreed between the parties:
1. every Wednesday from 4-8:00 p. m.;
 2. every other weekend, from Friday at 5:00 p. m. to Sunday at 6:00 p. m., beginning Friday, March 20, 1992.
 3. alternating holidays, from 9:00 a.m. — 7:00 p. m., of New Years Day, Good Friday, Easter, Memorial Day, 4th of July, Labor Day, Thanksgiving, Christmas Eve, and Christmas Day, beginning Good Friday with the Mother, Easter, with the Father, etc. for both children;
"Services of a medical provider paid by the wife."
 4. two consecutive weeks during summer school vacation, upon 45 days written notice, and one-half of Christmas school vacation, and alternating winter and spring vacations, during which the each parent may have vacation with both children together;
CT Page 3444
 5. both children shall spend every Mother's Day with their Mother and every Father's Day with their Father;
 6. each parent shall have access to each child on the child's birthday;
 7. reasonable telephone access by each parent to each child;
 8. whichever parent has the children on a weekend shall take the children to church services, so long as the children are willing to go;
 9. Holidays and vacations shall supercede regularly scheduled visitation.
B. EXCHANGE OF INFORMATION:
 1. Each parent shall inform the other parent of any accident, major illness or other circumstances seriously affecting the health and welfare of either child.
 2. Each party hereby authorizes any physician, dentist, psychologist, psychiatrist, school nurse, school administrator, hospital consultant, specialist and anyone else whose records concerning either child might be privileged, either by law or custom, to disclose any information in his or her possession to other parent.
 3. Each parent shall be entitled to complete, detailed information from any teacher or school giving instruction to the child and to be furnished with copies of all reports given to the other parent.
II. CHILD SUPPORT
 The father shall pay child support to the mother $125 per child per week or a total of $250 per week, payable by contingent wage garnishment. During the two weeks summer vacation and the two school vacations (one-half of Christmas plus either winter or spring) when the children are with the father, child support shall be reduced by one-half.
INCOME TAX EXEMPTIONS CT Page 3445
 The defendant-mother is to claim the older child and the husband shall claim the younger child as a deduction for income tax purposes.
III. MEDICAL EXPENSES
A. MEDICAL INSURANCE
 1. The father shall pay and maintain medical insurance as available through his employment for the benefit of the two minor children. In the event that the father no longer has medical insurance available through employment, he shall notify the mother who then shall maintain said insurance for the benefit of the minor children, as available through her employment and/or business.
 2. The terms of the provisions of Connecticut General Statute 46b-84c as amended by P.A. 87-207 shall apply: the signature of the wife shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services. Neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim and the husband shall promptly pay to the wife any insurance reimbursement for the services of a medical provider paid by the wife.
 The Wife is responsible for providing the insurer with a certified copy of the order of dissolution, the insurer may thereafter rely on such order and is not responsible for inquiring as to the legal sufficiency of the order.
B. UNREIMBURSED MEDICAL EXPENSES
 Each party shall pay one-half of unreimbursed medical, dental, prescription, optical, orthodontic, psychiatric, psychological or counselling expenses for the benefit of the minor children.
IV. LIFE INSURANCE
 Each party shall name the minor children as primary irrevocable beneficiaries on his or her respective life insurance policy listed on his or her respective sworn financial affidavit.
V. REAL ESTATE CT Page 3446
 1. The Husband shall transfer to the Wife all of his right, title and interest in real property known as 159 Rhodes Street, New Britain, Connecticut; simultaneously, the Wife shall execute a promissory note payable to the Husband, secured by a third mortgage on the premises, in the principal amount of Four Thousand Three Hundred ($4,300.00) Dollars plus simple interest of five percent (5%), which interest shall accrue, payable upon the happening of one of the following events, whichever first occurs:
a. Wife's death;
 b. Wife's remarriage or cohabitation with an unrelated male;
 c. sale or transfer of her interest in the premises;
 d. Neither child primarily residing on the premises;
e. Five years from execution of the note.
The Wife shall assume and pay and indemnify and hold the Husband harmless from payment of the first mortgage owed to American Savings Bank and from payment of the second mortgage owed to Household Realty Corporation.
VI. PERSONAL PROPERTY
A. MOTOR VEHICLES
 1. The Husband shall keep and retain, free and clear of any claims by the Wife, his interest in a 1988 Lincoln Continental; and he shall hold the Wife harmless as to any debt on said Lincoln.
 2. The Husband shall transfer to the Wife his interest in a 1984 Ford Aerostar, and the Wife shall assume and pay and indemnify and hold the Husband harmless from payment of the car loan thereon.
 3. The Wife shall keep and retain, free and clear of any claim by the Husband, her interest in a 1984 Cadillac.
B. HOUSEHOLD GOODS CT Page 3447
 1. Each party shall keep and retain, free and clear of any claim by the other party, all household goods and tangible personal property in that party's possession.
C. MONIES
 Each party shall keep and retain, free and clear of any claims by the other party, all monies in checking, savings or credit union which currently is in his or her name and disclosed on each parties respective financial affidavit.
D. EMPLOYMENT BENEFITS
 The Husband shall keep and retain, free and clear of any claims by the Wife, his 401K plan and retirement benefits.
E. SAVINGS BONDS
 The savings bonds in the children's names shall be used for the children's education.
VII. BUSINESS
 The Wife shall keep and retain, free and clear of any claim by the Husband, all of her right title and interest in the business known as Shane Dental Ceramics, and shall hold him harmless from any liabilities connected therewith.
VIII. LIABILITIES
 A. The Husband shall assume and pay and hold the Wife harmless from the following liabilities:
1. Radio Shack
2. Visa
 3. 1/2 of unreimbursed medical expenses owed to Dr. Nelson for Monica.
4. GMAC
5. His translator's fees
6. His own counsel fees for the dissolution CT Page 3448
 7. Any other liabilities incurred by him since the service of the complaint;
 B. The Wife shall assume and pay and hold the Husband harmless from the following liabilities:
1. First mortgage owed to American Savings Bank
 2. Second mortgage owed to Household Realty Corporation
3. Her car loan from Ford
 4. 1/2 of unreimbursed medical expenses owed to Dr. Nelson for Monica
5. J. C. Penney's
6. G. Fox Co.
7. D L
8. Master Card
9. Mr. Kalczenko (her Father)
10. Newington Children's Hospital
 11. Any other liabilities incurred by her since the service of the complaint; unless for benefit of the children, in which case each parent is responsible for one-half (1/2).
IX. ALIMONY
No alimony is awarded to either party.
 Therefore, a judgment of dissolution may enter, the marriage having broken down irretrievably. The above orders are made apart of this judgment.
Plaintiff's counsel is to prepare the judgment file.
Julius J. Kremski State Trial Referee CT Page 3449